UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.

| | |
|---|---|
| MARIA NIEVES, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF HILDA FIGUEROA, AND HILDA SANCHEZ, <br><br> Plaintiffs <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, <br><br> Defendant | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This claim is filed on behalf of the plaintiffs, Maria Nieves ("Ms. Nieves"), as personal representative for the Estate of Hilda Figueroa ("Ms. Figueroa"), and Hilda Sanchez ("Ms. Sanchez"), for personal injuries they sustained when they were struck by an Amtrak train on March 25, 2019. Ms. Figueroa was killed and Ms. Sanchez was injured in the accident.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332. This court has original jurisdiction by reason of diversity of citizenship between the plaintiffs and defendant pursuant to 28 U.S.C. 1332(a)(1), where the matter in controversy exceeds $75,000.00.

1

3. The acts of negligence giving rise to this claim for personal injuries were committed within the Commonwealth of Massachusetts, in the venue of the United States District Court for the Western District of Massachusetts.

## PARTIES

4. Ms. Nieves, as personal representative for the Estate of Ms. Figueroa, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, and resides in Springfield, Massachusetts.

5. Ms. Sanchez is a citizen of the United States and a resident of the Commonwealth of Massachusetts, and resides in Springfield, Massachusetts.

6. The National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"), is a for-profit corporation and railroad carrier as defined under 49 U.S.C. 24301, with a principle office, citizenship and place of business in the District of Columbia, qualified, authorized and doing business in the Commonwealth of Massachusetts.

## FACTS

7. Plaintiffs re-state, re-allege and incorporate by reference the allegations complained in paragraphs 1 through 6 of this complaint.

8. On March 25, 2019, at approximately 3:00 p.m., Ms. Figueroa and her granddaughter, Ms. Sanchez, were struck by an Amtrak train travelling northbound while crossing tracks behind Plainfield Street in Springfield, Massachusetts.

9. Ms. Figueroa was killed in the accident while Ms. Sanchez was injured.

10. Ms. Figueroa and Ms. Sanchez lived in a housing project across the street from the train tracks.

11. At all times relevant hereto, Amtrak owned and controlled the train tracks as well as the area surrounding the train tracks, including where Ms. Figueroa and Ms. Sanchez entered onto the tracks ("the area of entry").

12. Amtrak was aware that pedestrians regularly accessed and crossed the tracks from the area of entry.

13. Amtrak had deemed the area of entry a "hot spot", and assigned an officer and designated patrols to that area, due to the large numbers of pedestrians utilizing the tracks daily.

14. Amtrak had constructed a chain link fence around the area of entry. However, a large section of fence had been missing for years which allowed pedestrians access to the tracks. Well worn foot paths lead from the street, through the area of entry, onto the tracks.

15. Upon information and belief, train/pedestrian accidents had occurred in the same general area where plaintiffs were struck, prior to their accident.

16. Upon information and belief, the Amtrak train conductor was operating the train that struck plaintiffs at a high rate of speed, in an area where he knew or should have known was frequently used by pedestrians.

17. Upon information and belief, the Amtrak train conductor did not sound his horn or bell to warn plaintiffs of the impending danger prior to the accident.

18. On or about April 10, 2019, counsel for plaintiffs notified Amtrak of the accident and requested copies of any incident reports relative to the accident including information from the Locomotive Data Recorder, photographs and videotape.

19. As of the date of this complaint, Amtrak has only provided to counsel for plaintiffs a copy of its incident report.

## **COUNT I (NEGLIGENCE)**

20. Plaintiffs re-state, re-allege and incorporate by reference the allegations complained in paragraphs 1 through 19 of this complaint.

21. Amtrak owed plaintiffs a duty to keep its property and tracks safe and secure and free from entry.

22. Amtrak was aware that the area of entry was a common point of entrance for pedestrians. Amtrak had constructed a fence around the area of entry, designated it as a "hot spot" where people frequently crossed the tracks, and assigned patrols to the area.

23. Amtrak was aware that a section of fencing that protected the area of entry had been missing for years which allowed pedestrians, including plaintiffs, access to the tracks. Amtrak was further aware that the area of entry was used so regularly by pedestrians that a foot path had been established from the street, through the missing fence and onto the tracks.

24. Amtrak was aware that other train/pedestrian accidents had occurred in the same general area where plaintiffs were struck, prior to their accident.

25. Amtrak failed to take protective measures, including replacing the missing section of fence, which would have prevented plaintiffs' entry onto the tracks.

26. Amtrak is liable to the plaintiffs for their injuries and death.

**WHEREFORE,** plaintiffs request the Court:

A. Award judgment in their favor against Amtrak in an amount deemed reasonable and just;
B. Award them interest, costs and attorney's fees;
C. Award such other relief as this Court deems just and proper.

## COUNT II (NEGLIGENCE)

27. Plaintiffs re-state, re-allege and incorporate by reference the allegations complained in paragraphs 1 through 26 of this complaint.

28. Amtrak owed plaintiffs a duty to operate its train in a safe manner.

29. Amtrak failed to operate its train in a safe manner. Specifically, the conductor did not sound his warning bell or horn prior to the accident which would have warned plaintiffs that it was nearing them as they crossed the tracks.

30. The Amtrak conductor was further operating the train at a high rate of speed in an area where he knew or should have known that pedestrians frequently crossed the tracks.

31. Amtrak was aware that other train/pedestrian accidents had occurred in the same general area prior to the accident in this case.

32. Amtrak is liable to the plaintiffs for their injuries and death.

**WHEREFORE,** plaintiffs request the Court:

D. Award judgment in their favor against Amtrak in an amount deemed reasonable and just;
E. Award them interest, costs and attorney's fees;
F. Award such other relief as this Court deems just and proper.

## **JURY DEMAND**

The plaintiffs demand a jury as to all issues so triable.

Dated: January 9, 2020	Respectfully submitted.
	Maria Nieves, as Personal Representative
	For the Estate of Hilda Figueroa and
	Hilda Sanchez, Plaintiffs

	By Their Attorneys,

	/s/ TimothyKotfila
	Timothy Kotfila, Esq. BBO#600633

	/s/ Richard Jordan
	Richard Jordan, Esq. BBO#564502

	KOTFILA & JORDAN
	One Monarch Place, Suite 1220
	Springfield, Massachusetts 01144

	Email: Kotfilajordan@gmail.com
	Phone: 413-736-0077 / 413-781-5399
	Fax: 413-736-3300